UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARCELLIN MUKOLO BASENGEZI**<br>　Appartement 29, Cité du Fleuve<br>　Kingabwa, Kinshasa<br>　Democratic Republic<br>　of the Congo<br><br>　　　　　　　　　*Plaintiff,*<br><br>　　　　v.<br><br>**ANDREA M. GACKI**<br>**in her official capacity as**<br>　**Director of the United States**<br>　**Department of the Treasury**<br>　**Office of Foreign Assets Control**<br>　1500 Pennsylvania Avenue, NW<br>　Freedman's Bank Building<br>　Washington, D.C. 20220<br><br>　　　　　　　　　*Defendant,*<br><br>　　and<br><br>**THE UNITED STATES DEPARTMENT**<br>**OF THE TREASURY, OFFICE OF FOREIGN**<br>**ASSETS CONTROL**<br>　1500 Pennsylvania Avenue, NW<br>　Freedman's Bank Building<br>　Washington, D.C. 20220<br><br>　　　　　　　　　*Defendant.* | **COMPLAINT FOR**<br>**DECLARATORY AND**<br>**INJUNCTIVE RELIEF**<br><br>CIV. NO. 19-3414<br><br>ECF |

Plaintiff Marcellin Mukolo Basengezi ("Basengezi") brings this Complaint for Declaratory and Injunctive Relief against Defendants the United States Department of the Treasury's Office of Foreign Assets Control ("OFAC") and its Director, Andrea M. Gacki, and in support of his Complaint alleges the following.

**INTRODUCTION**

1. At the time of his designation by Defendants, Basengezi was Adviser in Charge of New Information Technologies to the President of the National Independent Electoral Commission ("CENI"), the governmental body that organizes and administers elections in the Democratic Republic of the Congo ("DRC").

2. As the preliminary results of the 2018 DRC general election were announced on January 10, 2019, the election was heralded by the international community—including the United States—as the first peaceful and democratic transfer of power in the DRC in decades.

3. The election—which was organized and administered by CENI—has been recognized by the United States as a historic success. Further, the United States has welcomed President Tshishikedi's certification as the new DRC President and highlighted the importance of former President Joseph Kabila's decision to abide by his constitutionally mandated term limits and transfer of power to his successor.

4. Defendants, however, irrationally marked this historic and democratic transfer of power in the DRC by sanctioning Basengezi and two other CENI officials. On March 21, 2019, Defendants designated them pursuant to Executive Order 13413, as amended by Executive Order 13671 ("E.O. 13413"), for allegedly engaging in actions or policies that undermine democratic processes or institutions in the DRC. Press Release, U.S. Dep't of Treasury, Office of Foreign Assets Control, Treasury Sanctions Congolese Officials Responsible for Undermining DRC Elections (March 21, 2019).

5. Defendants' decision to sanction Basengezi and the other CENI officials—after they oversaw an election recognized and welcomed by the United States as a successful democratic transfer of power—is arbitrary and illogical. That fact has been noted by foreign

policy and DRC experts, including Jason Stearns of the Congo Research Group who called the sanctions "a completely incoherent position in terms of just logic." Chidinma Irene Nwoye, U.S. Warmly Welcomed Congo's Disputed Election Results—But Has Been Sanctioning Its Election Officials Ever Since, The Intercept, April 3, 2019, available at https://theintercept.com/2019/04/03/congo-elections-us-sanctions/ (last accessed November 4, 2019).

6. This lawsuit frames the irreconcilable contradiction in those positions—i.e., officials of an election commission that oversaw and administered the historic 2018 DRC election whose successful result was recognized and welcomed by the United States are also deemed by the Defendants to have undermined democratic processes in that country. Defendants' broad and conclusory allegations about the CENI officials are both unfounded, and do not support a determination that Basengezi or the others satisfy any of the designation criteria of E.O. 13413.

7. As a result of Defendants' designation, all of Basengezi's property and interests in property within U.S. jurisdiction are blocked, and U.S. persons are generally prohibited from engaging in transactions with him. Furthermore, foreign persons that materially assist Basengezi, including by providing financial support or goods or services to him, are subject to designation under E.O. 13413. Defendants therefore have unilaterally imposed an effective global ban on dealings with Basengezi, causing him irreparable personal, professional, and financial harm.

8. Compounding that harm, Defendants have continued to withhold the administrative record underlying his designation—despite his express requests for that record—leaving Basengezi with only Defendants' press release to understand the basis of his designation.

That press release, however, only contains unfounded allegations without explanation of their relevance to the legal criteria for designation under E.O. 13413.

9. Defendants' actions have therefore precluded Basengezi from pursuing the procedures available to him under the Administrative Procedure Act ("APA") and OFAC's own regulations, and his lack of notice of the reasons for the designation prevents him from having a meaningful opportunity to challenge it.

10. Basengezi now turns to this Court to grant him reprieve from this punishment inflicted by Defendants and supported by unfounded and illogical allegations that he somehow undermined democratic processes or institutions in the DRC while organizing and administering an election that the United States recognized and welcomed as a historic and democratic. In undertaking that action, Defendants have failed to abide by basic rules of constitutional and administrative law; thus, Basengezi asks this Court to rein in Defendants' unlawful imposition and administration of U.S. economic sanctions and to grant the relief requested below.

## JURISDICTION AND VENUE

11. This action arises under the United States Constitution, the International Emergency Economic Powers Act, 50 U.S.C. § 1701 *et seq.*, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

12. This Court may grant declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and Fed. R. Civ. P. Rule 57. This Court may grant injunctive relief in accordance with Fed. R. Civ. P. Rule 65.

13. Venue is proper in the District of Columbia as this is the district in which the events giving rise to the complaint occurred and in which Defendants reside. *See* 28 U.S.C. §§ 1391(b) and (e).

## THE PARTIES

14. Plaintiff Marcellin Mukolo Basengezi is and was at all times relevant herein a citizen of the Democratic Republic of the Congo. Basengezi currently resides at Appartement 29, Cité du Fleuve, Kingabwa, Kinshasa, DRC.

15. Basengezi was designated by Defendants under E.O. 13413, as amended, and his name was added to the Specially Designated Nationals and Blocked Persons List ("SDN List") maintained and administered by OFAC.

16. Defendant OFAC is a federal administrative agency of the United States Department of the Treasury, and is located at 1500 Pennsylvania Ave., NW, Freedman's Bank Building, Washington D.C. 20220. OFAC is responsible for administering U.S. economic sanctions programs, including by designating persons pursuant to the authorities of E.O. 13413, and regulating dealings with them. OFAC adds and removes persons to and from the SDN List consistent with E.O. 13413 and the regulations in 31 C.F.R. Parts 501 and 547, the "Reporting, Procedures and Penalties Regulations" and "Democratic Republic of the Congo Sanctions Regulations," respectively.

17. Defendant Andrea M. Gacki is the Director of OFAC and is sued in her official capacity.

## FACTUAL ALLEGATIONS

### A.  OFAC Designates Basengezi Pursuant to E.O. 13413

18. On March 21, 2019, OFAC designated Basengezi under E.O. 13413 for allegedly engaging in actions or policies that undermine democratic processes or institutions in the DRC. Press Release, U.S. Dep't of Treasury, Office of Foreign Assets Control, Treasury Sanctions Congolese Officials Responsible for Undermining DRC Elections (March 21, 2019). As a result of his designation, Basengezi was added to OFAC's SDN List.

19. Simultaneous with that action, Defendants also issued a press release announcing his designation. The press release alleged that "Basengezi has embezzled and misappropriated state assets from CENI and has undertaken actions that slowed registration, which facilitated election delays." *Id*. Basengezi contests Defendants' allegations.

20. Defendants' conclusory, unsubstantiated, and false allegations against Basengezi in the press release fail to provide any factual support for OFAC's determination that he meets a legal basis for designation under E.O. 13413.

21. The legal consequences of Basengezi's designation are that all of his property and interests in property within U.S. jurisdiction are blocked, and U.S. persons are prohibited from engaging in any transactions or dealings with him. Moreover, U.S. or foreign persons that provide material assistance to Basengezi—including the provision of financial services or other goods or services—are subject to designation under E.O. 13413 and could therefore be sanctioned themselves. *See* E.O. 13413, § 1(a)(ii)(F) (Oct. 27, 2006).

### B.  Basengezi's Request for the Administrative Record

22. As Defendants' press release does not provide the reasons that Basengezi meets the designation criteria of E.O. 13413, he has requested the administrative record underlying his

6

designation, any unclassified portions of that record, as well as an unclassified summary of any classified or otherwise privileged information that record contains. Basengezi also requested consideration of any alternative available means by which he would be fully apprised of the reasons for his designation and afforded a meaningful opportunity to respond to Defendants' allegations. OFAC acknowledged receipt of that request on May 2, 2019 and assigned the request a Case ID DRC-16036.

23. Although over six months have passed since Basengezi made that request, OFAC has failed to provide any of the requested information.

24. Without the administrative record or other adequate notice, Basengezi is unable to meaningfully respond to Defendants' allegations and challenge his designation, as he is unaware of the reasons for OFAC's action and how the information in the press release may be related to the legal basis for his designation. For this reason—absent a full understanding of the reasons for his designation—Basengezi cannot file a meaningful administrative delisting petition before OFAC.

### C.   Harm to Basengezi from Defendants' Actions

25. Defendants' unlawful actions have caused irreparable personal, professional, and financial harm to Basengezi. As a result of OFAC's designation, all of his property and interests in property within U.S. jurisdiction are blocked, and U.S. persons are generally prohibited from engaging in any transactions or dealings with him. In addition, persons engaging in any transactions with Basengezi anywhere in the world—including in the DRC—risk being sanctioned by Defendants themselves for doing so.

26. Basengezi has two daughters who are U.S. citizens. As a result of his designation by Defendants, he is now prohibited from engaging in any dealings or transactions with them—

including even any basic parental support, whether financial or other forms of care. The sanctions imposed by Defendants are therefore violating Basengezi's basic parental rights and obstructing his relationship with his own children.

27. Further, prior to his designation, Basengezi regularly traveled to the United States. These visits included a vacation in 2007, attendance of a friend's wedding in 2008, his honeymoon in 2013, multiple work trips during 2014 while Basengezi worked for the DRC Finance Ministry, and travel in 2015 for the birth of his first daughter. Basengezi also frequently traveled to the United States once or twice a year as part of his work for CENI, including for meetings at the United Nations ("UN") and with former U.S. Ambassador to the UN Nikki Haley. Basengezi's travel to the United States typically would usually last from one to three weeks.

28. Moreover, Basengezi and his wife hold a bank account with Wells Fargo which they opened at a branch in Alexandria, Virginia some time prior to Basengezi joining CENI. Basengezi would fund that account with savings from his pre-CENI employment during his time in the private sector, however, once he became employed by CENI he no longer remitted funds to that account. It is Basengezi's understanding that the account maintains a balance of approximately $30,000.00 USD and that Wells Fargo reported that account to OFAC as blocked property following Basengezi's designation.

29. The irreparable costs imposed on designated persons such as Basengezi are fully acknowledged by Defendants. They have openly extolled the fact that sanctions impose "professional, personal, and financial isolation" on the individuals they designate. Press Release, U.S. Dep't of Treasury, Office of Foreign Assets Control, U.S. Government Sanctions Organizations and Individuals in Connection with an Iranian Defense Entity Linked to Iran's

Previous Nuclear Weapons Effort (March 22, 2019). In fact, Defendants are pleased that punishment from their sanctions is felt worldwide, as "international financial institutions frequently implement [U.S.] sanctions voluntarily, even when they are under no legal obligation to do so," by blacklisting designated persons from accessing their services even in their home countries. Examining Treasury's Role in Combating Terrorist Financing Five Years After 9/11, Hearing Before the Comm. on Banking, Housing and Urban Affairs, 109th Cong., S. Hrg. 109-1073 (statement of Adam J. Szubin).

## CAUSES OF ACTION

### COUNT I

### DEFENDANTS' DESIGNATION OF BASENGEZI WAS ARBITARY, CAPRICIOUS, AN ABUSE OF DISCRETION, AND NOT OTHERWISE IN ACCORDANCE WITH LAW IN VIOLATION OF THE APA

30. Basengezi re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

31. Defendants' designation of Basengezi pursuant to E.O. 13413 constitutes final agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

32. Defendants' designation therefore constitutes a violation of the APA and should be set aside by this Court.

### COUNT II

### DEFENDANTS' USE OF IRRELEVANT, IMMATERIAL, OR UNDULY REPETITIOUS EVIDENCE TO DESIGNATE BASENGEZI UNDER E.O. 13413 VIOLATES THE APA

33. Basengezi re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

34. Defendants' designation of Basengezi under E.O. 13413 constitutes final agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Further, Defendants' designation of Basengezi was in excess of statutory jurisdiction, authority, or limitations, or short of statutory right because the evidence relied upon was irrelevant, immaterial, or unduly repetitious to the criteria of E.O. 13413 in violation of 5 U.S.C. § 556(d).

35. Defendants' reliance on irrelevant, immaterial, and/or unduly repetitious evidence constitutes a violation of the APA and should be jointly or severally set aside by this Court.

## COUNT III

### DEFENDANTS' DESIGNATION OF BASENGEZI UNDER E.O. 13413 IS NOT SUPPORTED BY OR IN ACCORDANCE WITH RELIABLE, PROBATIVE, OR SUBSTANTIAL EVIDENCE, AND VIOLATES THE APA

36. Basengezi re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

37. Defendants' designation of Basengezi under E.O. 13413 constitutes final agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and/or in excess of statutory jurisdiction, authority, or limitations, or short of statutory right because it was not supported by or in accordance with reliable, probative, or substantial evidence in violation of 5 U.S.C. § 556(d).

38. Defendants' actions, findings, and conclusions based on that evidence therefore violate the APA and should be jointly or severally set aside by this Court.

## COUNT IV

FAILURE TO DISCLOSE THE ADMINISTRATIVE RECORD UNDERLYING BASENGEZI'S DESIGNATION WITHIN A REASONABLE TIME IS IN VIOLATION OF THE APA

39. Basengezi re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

40. The APA mandates that agencies "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time…shall proceed to conclude a matter presented to it," and that courts "shall…compel agency action…unreasonably delayed." 5 U.S.C. §§ 555(b) and 706(1).

41. "Agency action" includes "an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13).

42. Basengezi filed his request for the administrative record on April 30, 2019, but Defendants have failed to promptly resolve that request.

43. Defendants' failure to disclose the administrative record in a timely manner constitutes unreasonable delay of agency action under the APA and should be compelled by this Court.

## COUNT V

DEFENDANTS' FAILURE TO PROVIDE SUFFICIENT NOTICE OF THEIR BASES, CONCLUSIONS, AND REASONS FOR DESIGNATING BASENGEZI IS IN VIOLATION OF THE APA

44. Basengezi re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

45. Agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or without observance of procedure

required by law, shall be held unlawful by a reviewing court and set aside. 5 U.S.C. § 706(2)(A) and (D).

46. Post-deprivation due process requires sufficient notice to be given to an aggrieved party. Sufficient notice requires Defendants to provide Basengezi with an understanding of the bases, conclusions, findings, and reasoning relied upon in support of his designation, so that he may have opportunity to make a meaningful response.

47. Defendants have failed to disclose any portion of the administrative record underlying or otherwise supporting Basengezi's designation under E.O. 13413 since they designated him on March 21, 2019.

48. Defendants' failure to provide Basengezi with adequate and fair notice of the information and analysis relied upon to support and then to maintain his designation is not in accordance with the law, and without observance of procedure required under the APA in violation of OFAC's due process obligations, and therefore in violation of the APA.

## COUNT VI

### DEFENDANTS' DESIGNATION OF BASENGEZI RESULTING IN THE BLOCKING OF HIS PROPERTY VIOLATES HIS FOURTH AMENDMENT PROTECTIONS AGAINST WARRANTLESS AND UNREASONABLE SEIZURES

49. Basengezi re-alleges and incorporates by reference as it fully set forth herein the allegations in all preceding paragraphs.

50. Under the Fourth Amendment to the U.S. Constitution, Basengezi is protected from warrantless and unreasonable seizures of his property.

51. Defendants' designation of Basengezi resulting in the blocking of his property constitutes a warrantless and unreasonable seizure in violation of the Fourth Amendment to the U.S. Constitution.

## COUNT VII

### DEFENDANTS' FAILURE TO PROVIDE SUFFICIENT NOTICE OF THEIR BASES, CONCLUSIONS, AND REASONS FOR DESIGNATING BASENGEZI VIOLATES HIS FIFTH AMENDMENT RIGHT TO DUE PROCESS

52. Basengezi re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

53. In the post-deprivation context, the Fifth Amendment's Due Process Clause requires notice reasonably calculated under all the circumstances to apprise aggrieved parties of the allegations against them so that they have the opportunity to make a meaningful response.

54. Defendants are required to provide Basengezi with an understanding of the bases, conclusions, findings, and reasoning supporting their designation action against him so that he may have opportunity to make a meaningful response.

55. Defendants have failed to disclose any portion of the administrative record underlying or otherwise supporting Basengezi's designation under E.O. 13413 since they designated him on March 21, 2019.

56. Defendants' failure to provide Basengezi with prompt, adequate, and fair notice of the bases, conclusions, and reasons relied upon to designate him, violates his right to due process under the Fifth Amendment to the U.S. Constitution.

## COUNT VIII

### DEFENDANTS' DEPRIVATION OF BASENGEZI'S PARENTAL RIGHTS BY DESIGNATING HIM VIOLATES HIS FIFTH AMENDMENT RIGHT TO DUE PROCESS

57. Basengezi re-alleges and incorporates by reference as it fully set forth herein the allegations in all preceding paragraphs.

58. Under the Fifth Amendment to the U.S. Constitution, Basengezi's due process protections are invoked when Defendants' actions threaten his parental rights and custody of his children.

59. Defendants have failed to provide Basengezi with sufficient notice as to the basis for his designation in violation of Basengezi's due process rights under the Fifth Amendment to the U.S. Constitution.

60. Defendants also have denied Basengezi a hearing in violation of Basengezi's due process rights under the Fifth Amendment to the U.S. Constitution.

## **RELIEF REQUESTED**

WHEREFORE, Basengezi respectfully requests that this Court:

A. Review all material that Defendants relied upon—including classified and law enforcement privileged information—in designating Basengezi;

B. Declare Defendants' reliance on irrelevant, immaterial, non-reliable, non-probative, or non-substantial evidence to designate Basengezi unlawful under the APA, and jointly or severally set aside that evidence;

C. Order Defendants to disclose the administrative record or any unclassified portions of such record so as to apprise Basengezi of the reasons for his designation;

D. Order Defendants to produce an unclassified summary of classified or otherwise privileged information contained in the administrative record, which—together with the unclassified version of the administrative record—fully apprises Basengezi of all of the reasons for his designation;

E.     Order Defendants to provide alternative means by which Basengezi can be given sufficient notice of the reasons for his designation in the event that OFAC is unable to disclose all of the reasons for the designation through the redacted version of the administrative record and an unclassified summary;

F.     Order Defendants to explain why any redactions from the administrative record—including for classified, classified by compilation, and otherwise privileged information—lawfully fall within the scope of those categories;

G.     Declare unlawful and set aside any agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and jointly or severally set aside those actions, findings, and/or conclusions;

H.     Declare unlawful and set aside any agency action, findings, and conclusions found to be in excess of statutory jurisdiction, authority, or limitations, or short of statutory right, and jointly or severally set aside those actions, findings, and/or conclusions;

I.     Declare Basengezi's designation unlawful;

J.     Order Defendants to rescind Basengezi's designation and remove his name from OFAC's SDN List;

K.     Vacate Basengezi's designation;

L.     Grant an award to Basengezi for his costs and attorneys' fees incurred in this action; and

M.     Award Basengezi any other further relief as the Court may deem just and proper.

Dated:  November 12, 2019

                                      Respectfully submitted,

                                      <u>/s/ Erich C. Ferrari, Esq.</u>
Erich C. Ferrari, Esq.
Ferrari & Associates, P.C.
1455 Pennsylvania Ave., NW
Suite 400
Washington, D.C. 20004
Telephone: (202) 280-6370
Fax: (877) 448-4885
Email: ferrari@falawpc.com
D.C. Bar No. 978253

Attorney for Plaintiff
*Marcellin Mukolo Basengezi*