IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARCELLIN MUKOLO BASENGEZI,<br><br>Plaintiff,<br><br>v.<br><br>ANDREA M. GACKI, in her official capacity as Director of the United States Office of Foreign Assets Control, and THE UNITED STATES DEPARTMENT OF TREASURY, OFFICE OF FOREIGN ASSETS CONTROL,<br><br>Defendants. | Civil Action No. 19-cv-03414 (APM) |

**MOTION TO STAY PENDING CONSOLIDATION**

Defendants hereby move to stay Defendants' deadline to answer or otherwise respond to Plaintiffs' complaint pending a decision on the consolidation of this action with two substantially similar actions. Defendants' current deadline to respond to the Complaint is January 24, 2020.[1] "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Feld Entm't, Inc. v. A.S.P.C.A.*, 523 F. Supp. 2d 1, 2 (D.D.C. 2007) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). The following good cause supports a stay of the deadline here:

1. Two other cases pending in the District Court for the District of Columbia present materially similar legal questions to those presented here: *Norbert Basengezi Katintima v. Gacki et al.*, Civ. No. 1:19-cv-3412 (CRC) and *Corneille Yobeluo Nangaa v. Gacki, et al.* 1:19-cv-3415 (DLF). In

---

[1] Although not yet reflected on the docket of this case, the Office of the U.S. Attorney for the District of the District of Columbia was served on November 25, 2019.

1

light of these similarities, Defendants moved in *Katintima v. Gacki*—the earliest numbered case—for that Court to consolidate the three actions. A copy of that motion is attached hereto as Exhibit 1. A copy of the *Katintima* complaint is attached hereto as Exhibit 2.

2. Defendants filed that motion in light of Local Rule 45(d). That rule provides: "[m]otions to consolidate cases assigned to different judges of this Court shall be heard and determined by the judge to whom the earlier-numbered case is assigned. If the motion is granted, the later-numbered case shall be reassigned in accordance with section (c) of this Rule." It is unclear whether that rule expressly governs if the actions are not related, as it falls under the "Related Cases" subheading of the local rules and includes a rule for assigning related cases. Nor is it clear whether this Court would consider the three cases "related" under the local rules. *See* LCvR Local Rule 45(a)(3) (defining such cases to include those "involv[ing] common issues of fact, or" that "grow out of the same event or transaction"). Nevertheless, Defendants filed only one consolidation motion in the earliest-numbered case because it served the rationale underlying consolidation generally and that rule specifically. That is, filing only one motion furthered the interests of efficiency and avoided unnecessary duplicative proceedings. But should this Court disagree with that approach, Defendants will file a similar consolidation motion on this docket as well.

3. While the *Katintima* Court considers Defendants' motion to consolidate, Defendants request that this Court stay the January 24, 2020 deadline for them to respond to Basengezi's Complaint. As outlined in the attached motion to stay, Defendants anticipate that significantly similar dispositive motions will resolve the three actions. A stay will provide the parties and the Court the opportunity if consolidation is granted to establish an efficient schedule whereby the claims across the three different actions can be adjudicated in a single proceeding. Defendants respectfully suggest that the parties file a joint status report in the *Katintima* Court within fourteen days of an order granting consolidation, proposing a schedule for further proceedings. If the consolidation motion is denied,

Defendants similarly suggest that the parties file a joint status report on this docket within 14 days of that denial, proposing a schedule for further proceedings.

4. Purusant to Local Rule 7(m), counsel for Defendants conferred with counsel for Plaintiff, who indicated that Basengezi opposes the relief requested herein.

| | |
|---|---|
| Dated December 27, 2019 | Respectfully submitted, |
| | JOSEPH H. HUNT<br>Assistant Attorney General |
| | DIANE KELLEHER<br>Assistant Branch Director |
| | */s/ Antonia Konkoly*<br>ANTONIA KONKOLY<br>NICHOLAS CARTIER<br>KEVIN SNELL<br>Trial Attorneys<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L Street, N.W.<br>Washington, DC 20005<br>Tel: (202) 514-2395<br>Fax: (202) 616-8460<br>Email:  antonia.konkoly@usdoj.gov |