# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

NORBERT BASENGEZI KATINTIMA,

       Plaintiff,

    v.

ANDREA M. GACKI, in her official capacity as Director of the United States Office of Foreign Assets Control, and THE UNITED STATES DEPARTMENT OF TREASURY, OFFICE OF FOREIGN ASSETS CONTROL,

      Defendants.

Civil Action No. 19-cv-03412 (CRC)

## MOTION TO TRANSFER CASES FOR CONSOLIDATION AND FOR A STAY PENDING CONSIDERATION OF THE INSTANT MOTION

Defendants hereby move pursuant to Federal Rule of Civil Procedure 42(a) for transfer of three cases for consolidated briefing and joint hearing on dispositive motions. Two other cases are pending in the District Court for the District of Columbia that present materially similar legal questions to the ones here: *Marcellin Mukolo Basengezi v. Gacki, et al.* 1:19-cv-3414 (APM) (*see Basengezi* Complaint, attached as Exhibit 1), and *Corneille Yobeluo Nangaa v. Gacki et al.*, Civ. No. 1:19-cv-3415 (DLF) (*see Nangaa* Complaint, attached as Exhibit 2). As explained below, consolidation serves the interests of judicial economy, eliminates the risk of inconsistent judgments, and would not prejudice any party.

Defendants also move for the Court to stay the deadline to respond to Katintima's complaint pending consideration of the instant motion to stay. Absent such a stay before consolidation, Defendants must respond to Katintima's complaint in addition to the other two plaintiffs' complaints

1

by January 24, 2020.[1]  But three separate responses before three separate judges in this district will be redundant and inefficient, as outlined below.  A temporary stay of the deadline pending consolidation will help avoid the potential for duplicative pleadings and provide the parties and the Court the opportunity, if consolidation is granted, to establish an efficient schedule whereby the claims across the three different actions can be adjudicated in a single proceeding.

## ARGUMENT

Federal Rule of Civil Procedure 42(a) provides that, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  "Consolidation of actions under Rule 42(a) is a valuable and important tool of judicial administration."  *Hanson v. Dist. of Columbia*, 257 F.R.D. 19, 21 (D.D.C. 2009) (internal quotation marks and citation omitted).  "It helps to relieve the parties and the court of the burden of duplicative pleadings and court orders."  *Id.* (internal alterations and quotation marks omitted).  "The decision whether to consolidate cases under Rule 42(a) is within the broad discretion of the trial court."  *Scarborough v. National Ass'n of Sur. Bond Producers* 474 F. Supp. 2d 64, 70 -71 (D.D.C. 2007); *see also Am. Postal Workers Union v. U.S. Postal Serv.*, 422 F. Supp. 2d 240, 245 (D.D.C. 2006) ("courts weigh considerations of convenience and economy against considerations of confusion and prejudice" in deciding whether to consolidate actions) (citation omitted); *Chang v. United States*, 217 F.R.D. 262, 265 (D.D.C. 2003) (observing that "[c]onsolidation may increase judicial efficiency by reducing presentation of duplicative proof . . . [and] eliminating the need for more than one judge to familiarize themselves with the issues presented").  The three cases that should be consolidated here present

---

[1] Although not yet reflected on the docket of this case, the Office of the U.S. Attorney for the District of the District of Columbia was served on November 25, 2019.

numerous common questions of law, and consolidation will serve the interests of efficiency and economy without prejudicing any party.

1. Plaintiffs in each of the three cases are former officials of the National Independent Electoral Commission in the Democratic Republic of the Congo ("DRC"), who challenge their March 21, 2019 designations under Executive Order 13413 by the Office of Foreign Assets Control ("OFAC") and their addition to the List of Specially Designated Nationals and Blocked Persons. Katintima Compl. ¶¶ 6, 19; Nangaa Compl. ¶¶ 2, 4; Basengezi Compl. ¶¶ 1, 4, 18. *See also* Press Release, U.S. Dep't of Treasury, Treasury Sanctions Congolese Officials Responsible for Undermining DRC Elections (March 21, 2019) (announcing designations of the three plaintiffs).[2] Those designations stem from each plaintiff allegedly engaging in actions or policies that undermine democratic processes or institutions in the DRC, Katintima Compl. ¶ 19; Nangaa Compl. ¶ 18; Basengezi Compl. ¶ 18, and have the legal effect of blocking each of their property and interests in property within U.S. jurisdiction, and exposing third parties who provide them assistance to sanctions, Katintima Compl. ¶ 21; Nangaa Compl. ¶ 20; Basengezi Compl. ¶ 21. Against this backdrop, the three plaintiffs sued, each raising a number of legal challenges regarding their designations.

Defendants acted lawfully in designating the plaintiffs and deny their assertions to the contrary, but a quick tour through their complaints reveals that they assert a number of effectively identical legal claims. Each asserts that they did not receive adequate notice in violation of the Administrative Procedure Act ("APA"), Katintima Compl. ¶ 37 (Count II), Nangaa Compl. ¶ 40 (Count III), Basengezi Compl. ¶ 48 (Count V), and the Fifth Amendment, Katintima Compl. ¶ 32 (Count I), Nangaa Compl. ¶ 35 (Count II), Basengezi Compl. ¶ 56 (Count VII). And while the precise factual circumstances underlying each designation may differ, each plaintiff similarly alleges that

---

[2] https://home.treasury.gov/news/press-releases/sm633 (last visited December 20, 2019).

Case 1:19-cv-03412-CRC   Document 4   Filed 12/27/19   Page 4 of 41

they do not meet the criteria for designation under E.O. 13413, such that their designations constituted arbitrary and capricious action under the APA.  Katintima Compl. ¶ 45 (Count IV), Nangaa Compl. ¶ 31 (Count I), Basengezi Compl. ¶¶ 6, 31-32 (Count I).  Similarly, each alleges a violation of the APA on the grounds that OFAC has not timely provided them the unclassified portions of the administrative record after each's request for that record.  Katintima Compl. ¶¶ 22, 40, 42 (Count III), Nangaa Compl. ¶¶ 21, 45 (Count VI), Basengezi Compl. ¶ ¶ 22, 43 (Count IV).

Given this significant overlap, the parties' arguments are not likely to materially differ from one case to the next, and Defendants anticipate filing significantly similar dispositive motions to resolve these actions.  Further, to the extent the Court reached the merits of these plaintiffs' claims, all three cases should be heard on the administrative record, which will be similar in each case.  Because plaintiffs' challenges turn on the same legal issues and similar administrative records, "consolidation will promote the interests of judicial economy, consistency, timeliness and convenience, without being likely to trigger any substantial risk of inconvenience, prejudice, delay, or expense for the Court or the litigants."  *Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of the Fed. Reserve Sys.*, 770 F. Supp. 2d 283, 287 (D.D.C. 2011); *see also id.* at 286 (explaining that "[i]dentity of the parties is not a prerequisite" to consolidation and that "cases may be consolidated" where "plaintiffs are different but are asserting identical questions of law against the same defendant").

2. The minor factual differences in the administrative records between the cases does not undermine the strong justifications for consolidation in light of the similar administrative records and the legal claims.  Indeed, there are relatively few claims that the plaintiffs do not share and such claims are discrete—Basengezi alleges a Due Process violation in light of his purported parental rights, Compl. ¶¶ 58-60 (Count VIII), a Fourth Amendment claim, *id.* ¶¶ 50-51 (Count VI), and asserts additional APA violations on the grounds that his designation is not supported by "reliable, probative, or substantial evidence," *id.* ¶ 37 (Count III), and that the evidence was "irrelevant,

immaterial, and or unduly" repetitive, *id.* ¶ 35 (Count II).  Consolidation remains appropriate regardless of the presence of Basengezi's additional claims or different issues of law or fact; it is sufficient if there is any common question of law or fact.  *See Nat'l Ass'n of Mortg. Brokers*, 770 F. Supp. 2d at 287 (explaining that consolidation was appropriate notwithstanding plaintiff's objection that one action was narrower than the other) (citing *Hanson*, 257 F.R.D. at 21-22); Wright & Miller, 9A Fed. Prac. & Proc. § 2382 (3d ed. 1998) ("[T]he existence of a common question by itself is enough to permit consolidation[.]").

And importantly, consolidation will not prejudice any plaintiff.  *Cf. Nat'l Ass'n of Mortg. Brokers*, 770 F. Supp. 2d at 286 (court should weigh risk of prejudice posed by consolidation against risk of inconsistent rulings and increased burdens posed by separate proceedings).  It will not impede the ability of any plaintiff to pursue any separate claims related to OFAC's March 21, 2019 designations.  *See Hanson*, 257 F.R.D. at 22 ("The parties are fully able to brief—and the court is capable of rendering a well-reasoned judgment on—multiple issues within the context of one unified civil action."); *Mylan Pharmaceuticals Inc. v. Henney,* 94 F. Supp. 2d 36, 43 (D.D.C. 2000), *vacated on other grounds*, 276 F.3d 627 (D.C. Cir. 2002) (consolidation is "permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another") (quoting *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933)).

The procedural posture of the actions confirms the lack of any prejudice.  These cases were filed on the same day, and are in the very early stages of litigation.  Each plaintiff is represented by the same counsel of record.  Defendants have not responded to the complaints, and no plaintiff has filed a single substantive motion.

In sum, these three actions should be consolidated.[3]

3. Additionally, Defendants respectfully submit that this Court should stay the deadline for them to answer or otherwise respond to Katintima's Complaint in this action pending this Court's decision on the request for consolidation. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Feld Entm't, Inc. v. A.S.P.C.A.*, 523 F. Supp. 2d 1, 2 (D.D.C. 2007) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). Absent such a stay here, Defendants must respond to the Complaint by January 24, 2020. As outlined above, a primary basis for the instant motion is to avoid filing duplicative pleadings in the three actions, and a stay pending a decision on consolidation furthers that basis by excusing Defendants from preparing, and this Court from potentially reviewing, duplicative pleadings. In light of Defendants' anticipated dispositive motion and to help facilitate an efficient schedule to adjudicate all claims at issue, Defendants respectfully suggest that the parties file a joint status report within fourteen days of the order adjudicating the consolidation request, proposing a schedule for further proceedings.

---

[3] Local Rule 40.5(d) provides that "[m]otions to consolidate cases assigned to different judges of this Court shall be heard and determined by the judge to whom the earlier-numbered case is assigned. If the motion is granted, the later-numbered case shall be reassigned in accordance with section (c) of this Rule."

It is not clear whether this Court would consider these three cases "related" under Local Rule 45(a)(3), which defines such cases to include those "involv[ing] common issues of fact, or" that "grow out of the same event or transaction." Nor is it clear whether Local Rule 40.5(d) expressly governs this matter if the Court were to find these action are not related, as it falls under the "Related Cases" subheading of the local rules and includes a rule for assigning related cases.

Regardless, Defendants file this motion in light of Local Rule 40.5(d), as the rationale underlying that rule appears to apply here. Contemporaneously, Defendants in *Marcellin Mukolo Basengezi v. Gacki*, et al. 1:19-cv-3414 (APM), and *Corneille Yobeluo Nangaa v. Gacki et al.*, Civ. No. 1:19-cv-3415 (DLF), will notify those judges of this pending motion and seek a stay of the Defendants' deadline to respond to the complaints in those actions pending a decision on consolidation.

4.  Pursuant to Local Rule 7(m), counsel for Defendants consulted with counsel for Plaintiffs in the three actions, who indicated each plaintiff opposes the relief requested herein.

## CONCLUSION

For the reasons set forth above, the Court should stay Defendants' deadline to respond to Katintima's complaint pending a decision on consolidation, and the Court should find that consolidation of this action with *Marcellin Mukolo Basengezi v. Gacki, et al.* 1:19-cv-3414 (APM), and *Corneille Yobeluo Nangaa v. Gacki et al.*, Civ. No. 1:19-cv-3415 (DLF), is appropriate.[4]


Dated December 27, 2019                                    Respectfully submitted,


                                                          JOSEPH H. HUNT
                                                          Assistant Attorney General

                                                          DIANE KELLEHER
                                                          Assistant Branch Director

                                                          */s/ Antonia Konkoly*
                                                          ANTONIA KONKOLY
                                                          NICHOLAS CARTIER
                                                          KEVIN SNELL
                                                          Trial Attorneys
                                                          United States Department of Justice
                                                          Civil Division, Federal Programs Branch
                                                          1100 L Street, N.W.
                                                          Washington, DC 20005
                                                          Tel: (202) 514-2395
                                                          Fax: (202) 616-8460
                                                          Email:  antonia.konkoly@usdoj.gov

---

[4] For the Court's awareness, Defendants note that these three plaintiffs separately filed actions challenging their designations under a statute by the U.S. Department of State.  *See Norbert Basengezi Katintima v. Pompeo et al.*, Civ. No. 1:19-cv-3413; *Marcellin Mukolo Basengezi v. Pompeo, et al.* 1:19-cv-3417; *Cornielle Yobeluo Nangaa v. Pompeo et al.*, Civ. No. 1:19-cv-3416. But the legal issues in that line of cases is not sufficiently similar to the ones here to warrant consolidation with this action.  Rather, the Government is similarly moving to consolidate the three actions challenging the designations by OFAC.

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| **MARCELLIN MUKOLO BASENGEZI** ) | |
| Appartement 29, Cité du Fleuve ) | |
| Kingabwa, Kinshasa ) | |
| Democratic Republic ) | |
| of the Congo ) | |
| ) | |
| *Plaintiff,* ) | **COMPLAINT FOR** |
| ) | **DECLARATORY AND** |
| v. ) | **INJUNCTIVE RELIEF** |
| ) | |
| **ANDREA M. GACKI** ) | CIV. NO. 19-3414 |
| **in her official capacity as** ) | |
| **Director of the United States** ) | **ECF** |
| **Department of the Treasury** ) | |
| **Office of Foreign Assets Control** ) | |
| 1500 Pennsylvania Avenue, NW ) | |
| Freedman's Bank Building ) | |
| Washington, D.C. 20220 ) | |
| ) | |
| *Defendant,* ) | |
| ) | |
| and ) | |
| ) | |
| **THE UNITED STATES DEPARTMENT** ) | |
| **OF THE TREASURY, OFFICE OF FOREIGN** ) | |
| **ASSETS CONTROL** ) | |
| 1500 Pennsylvania Avenue, NW ) | |
| Freedman's Bank Building ) | |
| Washington, D.C. 20220 ) | |
| ) | |
| *Defendant.* ) | |

_____

Plaintiff Marcellin Mukolo Basengezi ("Basengezi") brings this Complaint for Declaratory and Injunctive Relief against Defendants the United States Department of the Treasury's Office of Foreign Assets Control ("OFAC") and its Director, Andrea M. Gacki, and in support of his Complaint alleges the following.

## INTRODUCTION

1.      At the time of his designation by Defendants, Basengezi was Adviser in Charge of New Information Technologies to the President of the National Independent Electoral Commission ("CENI"), the governmental body that organizes and administers elections in the Democratic Republic of the Congo ("DRC").

2.      As the preliminary results of the 2018 DRC general election were announced on January 10, 2019, the election was heralded by the international community—including the United States—as the first peaceful and democratic transfer of power in the DRC in decades.

3.      The election—which was organized and administered by CENI—has been recognized by the United States as a historic success. Further, the United States has welcomed President Tshishikedi's certification as the new DRC President and highlighted the importance of former President Joseph Kabila's decision to abide by his constitutionally mandated term limits and transfer of power to his successor.

4.      Defendants, however, irrationally marked this historic and democratic transfer of power in the DRC by sanctioning Basengezi and two other CENI officials. On March 21, 2019, Defendants designated them pursuant to Executive Order 13413, as amended by Executive Order 13671 ("E.O. 13413"), for allegedly engaging in actions or policies that undermine democratic processes or institutions in the DRC. Press Release, U.S. Dep't of Treasury, Office of Foreign Assets Control, Treasury Sanctions Congolese Officials Responsible for Undermining DRC Elections (March 21, 2019).

5.      Defendants' decision to sanction Basengezi and the other CENI officials—after they oversaw an election recognized and welcomed by the United States as a successful democratic transfer of power—is arbitrary and illogical. That fact has been noted by foreign

policy and DRC experts, including Jason Stearns of the Congo Research Group who called the sanctions "a completely incoherent position in terms of just logic." Chidinma Irene Nwoye, U.S. Warmly Welcomed Congo's Disputed Election Results—But Has Been Sanctioning Its Election Officials Ever Since, The Intercept, April 3, 2019, available at https://theintercept.com/2019/04/03/congo-elections-us-sanctions/ (last accessed November 4, 2019).

6.      This lawsuit frames the irreconcilable contradiction in those positions—i.e., officials of an election commission that oversaw and administered the historic 2018 DRC election whose successful result was recognized and welcomed by the United States are also deemed by the Defendants to have undermined democratic processes in that country. Defendants' broad and conclusory allegations about the CENI officials are both unfounded, and do not support a determination that Basengezi or the others satisfy any of the designation criteria of E.O. 13413.

7.      As a result of Defendants' designation, all of Basengezi's property and interests in property within U.S. jurisdiction are blocked, and U.S. persons are generally prohibited from engaging in transactions with him. Furthermore, foreign persons that materially assist Basengezi, including by providing financial support or goods or services to him, are subject to designation under E.O. 13413. Defendants therefore have unilaterally imposed an effective global ban on dealings with Basengezi, causing him irreparable personal, professional, and financial harm.

8.      Compounding that harm, Defendants have continued to withhold the administrative record underlying his designation—despite his express requests for that record— leaving Basengezi with only Defendants' press release to understand the basis of his designation.

That press release, however, only contains unfounded allegations without explanation of their relevance to the legal criteria for designation under E.O. 13413.

9.    Defendants' actions have therefore precluded Basengezi from pursuing the procedures available to him under the Administrative Procedure Act ("APA") and OFAC's own regulations, and his lack of notice of the reasons for the designation prevents him from having a meaningful opportunity to challenge it.

10.    Basengezi now turns to this Court to grant him reprieve from this punishment inflicted by Defendants and supported by unfounded and illogical allegations that he somehow undermined democratic processes or institutions in the DRC while organizing and administering an election that the United States recognized and welcomed as a historic and democratic. In undertaking that action, Defendants have failed to abide by basic rules of constitutional and administrative law; thus, Basengezi asks this Court to rein in Defendants' unlawful imposition and administration of U.S. economic sanctions and to grant the relief requested below.

## JURISDICTION AND VENUE

11.    This action arises under the United States Constitution, the International Emergency Economic Powers Act, 50 U.S.C. § 1701 *et seq*., and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

12.    This Court may grant declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and Fed. R. Civ. P. Rule 57. This Court may grant injunctive relief in accordance with Fed. R. Civ. P. Rule 65.

13.     Venue is proper in the District of Columbia as this is the district in which the events giving rise to the complaint occurred and in which Defendants reside. *See* 28 U.S.C. §§ 1391(b) and (e).

## THE PARTIES

14.     Plaintiff Marcellin Mukolo Basengezi is and was at all times relevant herein a citizen of the Democratic Republic of the Congo. Basengezi currently resides at Appartement 29, Cité du Fleuve, Kingabwa, Kinshasa, DRC.

15.     Basengezi was designated by Defendants under E.O. 13413, as amended, and his name was added to the Specially Designated Nationals and Blocked Persons List ("SDN List") maintained and administered by OFAC.

16.     Defendant OFAC is a federal administrative agency of the United States Department of the Treasury, and is located at 1500 Pennsylvania Ave., NW, Freedman's Bank Building, Washington D.C. 20220. OFAC is responsible for administering U.S. economic sanctions programs, including by designating persons pursuant to the authorities of E.O. 13413, and regulating dealings with them. OFAC adds and removes persons to and from the SDN List consistent with E.O. 13413 and the regulations in 31 C.F.R. Parts 501 and 547, the "Reporting, Procedures and Penalties Regulations" and "Democratic Republic of the Congo Sanctions Regulations," respectively.

17.     Defendant Andrea M. Gacki is the Director of OFAC and is sued in her official capacity.

## FACTUAL ALLEGATIONS

### A.  OFAC Designates Basengezi Pursuant to E.O. 13413

18.  On March 21, 2019, OFAC designated Basengezi under E.O. 13413 for allegedly engaging in actions or policies that undermine democratic processes or institutions in the DRC. Press Release, U.S. Dep't of Treasury, Office of Foreign Assets Control, Treasury Sanctions Congolese Officials Responsible for Undermining DRC Elections (March 21, 2019). As a result of his designation, Basengezi was added to OFAC's SDN List.

19.  Simultaneous with that action, Defendants also issued a press release announcing his designation. The press release alleged that "Basengezi has embezzled and misappropriated state assets from CENI and has undertaken actions that slowed registration, which facilitated election delays." *Id*. Basengezi contests Defendants' allegations.

20.  Defendants' conclusory, unsubstantiated, and false allegations against Basengezi in the press release fail to provide any factual support for OFAC's determination that he meets a legal basis for designation under E.O. 13413.

21.  The legal consequences of Basengezi's designation are that all of his property and interests in property within U.S. jurisdiction are blocked, and U.S. persons are prohibited from engaging in any transactions or dealings with him. Moreover, U.S. or foreign persons that provide material assistance to Basengezi—including the provision of financial services or other goods or services—are subject to designation under E.O. 13413 and could therefore be sanctioned themselves. *See* E.O. 13413, § 1(a)(ii)(F) (Oct. 27, 2006).

### B.  Basengezi's Request for the Administrative Record

22.  As Defendants' press release does not provide the reasons that Basengezi meets the designation criteria of E.O. 13413, he has requested the administrative record underlying his

6

designation, any unclassified portions of that record, as well as an unclassified summary of any classified or otherwise privileged information that record contains. Basengezi also requested consideration of any alternative available means by which he would be fully apprised of the reasons for his designation and afforded a meaningful opportunity to respond to Defendants' allegations. OFAC acknowledged receipt of that request on May 2, 2019 and assigned the request a Case ID DRC-16036.

23.     Although over six months have passed since Basengezi made that request, OFAC has failed to provide any of the requested information.

24.     Without the administrative record or other adequate notice, Basengezi is unable to meaningfully respond to Defendants' allegations and challenge his designation, as he is unaware of the reasons for OFAC's action and how the information in the press release may be related to the legal basis for his designation. For this reason—absent a full understanding of the reasons for his designation—Basengezi cannot file a meaningful administrative delisting petition before OFAC.

### C.     Harm to Basengezi from Defendants' Actions

25.     Defendants' unlawful actions have caused irreparable personal, professional, and financial harm to Basengezi. As a result of OFAC's designation, all of his property and interests in property within U.S. jurisdiction are blocked, and U.S. persons are generally prohibited from engaging in any transactions or dealings with him. In addition, persons engaging in any transactions with Basengezi anywhere in the world—including in the DRC—risk being sanctioned by Defendants themselves for doing so.

26.     Basengezi has two daughters who are U.S. citizens. As a result of his designation by Defendants, he is now prohibited from engaging in any dealings or transactions with them—

including even any basic parental support, whether financial or other forms of care. The sanctions imposed by Defendants are therefore violating Basengezi's basic parental rights and obstructing his relationship with his own children.

27.     Further, prior to his designation, Basengezi regularly traveled to the United States. These visits included a vacation in 2007, attendance of a friend's wedding in 2008, his honeymoon in 2013, multiple work trips during 2014 while Basengezi worked for the DRC Finance Ministry, and travel in 2015 for the birth of his first daughter. Basengezi also frequently traveled to the United States once or twice a year as part of his work for CENI, including for meetings at the United Nations ("UN") and with former U.S. Ambassador to the UN Nikki Haley. Basengezi's travel to the United States typically would usually last from one to three weeks.

28.     Moreover, Basengezi and his wife hold a bank account with Wells Fargo which they opened at a branch in Alexandria, Virginia some time prior to Basengezi joining CENI. Basengezi would fund that account with savings from his pre-CENI employment during his time in the private sector, however, once he became employed by CENI he no longer remitted funds to that account. It is Basengezi's understanding that the account maintains a balance of approximately $30,000.00 USD and that Wells Fargo reported that account to OFAC as blocked property following Basengezi's designation.

29.     The irreparable costs imposed on designated persons such as Basengezi are fully acknowledged by Defendants. They have openly extolled the fact that sanctions impose "professional, personal, and financial isolation" on the individuals they designate. Press Release, U.S. Dep't of Treasury, Office of Foreign Assets Control, U.S. Government Sanctions Organizations and Individuals in Connection with an Iranian Defense Entity Linked to Iran's

Previous Nuclear Weapons Effort (March 22, 2019). In fact, Defendants are pleased that punishment from their sanctions is felt worldwide, as "international financial institutions frequently implement [U.S.] sanctions voluntarily, even when they are under no legal obligation to do so," by blacklisting designated persons from accessing their services even in their home countries. Examining Treasury's Role in Combating Terrorist Financing Five Years After 9/11, Hearing Before the Comm. on Banking, Housing and Urban Affairs, 109th Cong., S. Hrg. 109-1073 (statement of Adam J. Szubin).

## CAUSES OF ACTION

## COUNT I

### DEFENDANTS' DESIGNATION OF BASENGEZI WAS ARBITARY, CAPRICIOUS, AN ABUSE OF DISCRETION, AND NOT OTHERWISE IN ACCORDANCE WITH LAW IN VIOLATION OF THE APA

30.     Basengezi re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

31.     Defendants' designation of Basengezi pursuant to E.O. 13413 constitutes final agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

32.     Defendants' designation therefore constitutes a violation of the APA and should be set aside by this Court.

## COUNT II

### DEFENDANTS' USE OF IRRELEVANT, IMMATERIAL, OR UNDULY REPETITIOUS EVIDENCE TO DESIGNATE BASENGEZI UNDER E.O. 13413 VIOLATES THE APA

33.     Basengezi re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

34.     Defendants' designation of Basengezi under E.O. 13413 constitutes final agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Further, Defendants' designation of Basengezi was in excess of statutory jurisdiction, authority, or limitations, or short of statutory right because the evidence relied upon was irrelevant, immaterial, or unduly repetitious to the criteria of E.O. 13413 in violation of 5 U.S.C. § 556(d).

35.     Defendants' reliance on irrelevant, immaterial, and/or unduly repetitious evidence constitutes a violation of the APA and should be jointly or severally set aside by this Court.

## COUNT III

### DEFENDANTS' DESIGNATION OF BASENGEZI UNDER E.O. 13413 IS NOT SUPPORTED BY OR IN ACCORDANCE WITH RELIABLE, PROBATIVE, OR SUBSTANTIAL EVIDENCE, AND VIOLATES THE APA

36.     Basengezi re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

37.     Defendants' designation of Basengezi under E.O. 13413 constitutes final agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and/or in excess of statutory jurisdiction, authority, or limitations, or short of statutory right because it was not supported by or in accordance with reliable, probative, or substantial evidence in violation of 5 U.S.C. § 556(d).

38.     Defendants' actions, findings, and conclusions based on that evidence therefore violate the APA and should be jointly or severally set aside by this Court.

## COUNT IV

**FAILURE TO DISCLOSE THE ADMINISTRATIVE RECORD UNDERLYING
BASENGEZI'S DESIGNATION WITHIN A REASONABLE TIME
IS IN VIOLATION OF THE APA**

39.     Basengezi re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

40.     The APA mandates that agencies "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time…shall proceed to conclude a matter presented to it," and that courts "shall…compel agency action…unreasonably delayed." 5 U.S.C. §§ 555(b) and 706(1).

41.     "Agency action" includes "an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13).

42.     Basengezi filed his request for the administrative record on April 30, 2019, but Defendants have failed to promptly resolve that request.

43.     Defendants' failure to disclose the administrative record in a timely manner constitutes unreasonable delay of agency action under the APA and should be compelled by this Court.

## COUNT V

**DEFENDANTS' FAILURE TO PROVIDE SUFFICIENT NOTICE OF THEIR BASES,
CONCLUSIONS, AND REASONS FOR DESIGNATING BASENGEZI
IS IN VIOLATION OF THE APA**

44.     Basengezi re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

45.     Agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or without observance of procedure

required by law, shall be held unlawful by a reviewing court and set aside. 5 U.S.C. § 706(2)(A) and (D).

46.     Post-deprivation due process requires sufficient notice to be given to an aggrieved party. Sufficient notice requires Defendants to provide Basengezi with an understanding of the bases, conclusions, findings, and reasoning relied upon in support of his designation, so that he may have opportunity to make a meaningful response.

47.     Defendants have failed to disclose any portion of the administrative record underlying or otherwise supporting Basengezi's designation under E.O. 13413 since they designated him on March 21, 2019.

48.     Defendants' failure to provide Basengezi with adequate and fair notice of the information and analysis relied upon to support and then to maintain his designation is not in accordance with the law, and without observance of procedure required under the APA in violation of OFAC's due process obligations, and therefore in violation of the APA.

### COUNT VI

**DEFENDANTS' DESIGNATION OF BASENGEZI RESULTING IN THE BLOCKING OF HIS PROPERTY VIOLATES HIS FOURTH AMENDMENT PROTECTIONS AGAINST WARRANTLESS AND UNREASONABLE SEIZURES**

49.     Basengezi re-alleges and incorporates by reference as it fully set forth herein the allegations in all preceding paragraphs.

50.     Under the Fourth Amendment to the U.S. Constitution, Basengezi is protected from warrantless and unreasonable seizures of his property.

51.     Defendants' designation of Basengezi resulting in the blocking of his property constitutes a warrantless and unreasonable seizure in violation of the Fourth Amendment to the U.S. Constitution.

## COUNT VII

### DEFENDANTS' FAILURE TO PROVIDE SUFFICIENT NOTICE OF THEIR BASES, CONCLUSIONS, AND REASONS FOR DESIGNATING BASENGEZI VIOLATES HIS FIFTH AMENDMENT RIGHT TO DUE PROCESS

52.     Basengezi re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

53.     In the post-deprivation context, the Fifth Amendment's Due Process Clause requires notice reasonably calculated under all the circumstances to apprise aggrieved parties of the allegations against them so that they have the opportunity to make a meaningful response.

54.     Defendants are required to provide Basengezi with an understanding of the bases, conclusions, findings, and reasoning supporting their designation action against him so that he may have opportunity to make a meaningful response.

55.     Defendants have failed to disclose any portion of the administrative record underlying or otherwise supporting Basengezi's designation under E.O. 13413 since they designated him on March 21, 2019.

56.     Defendants' failure to provide Basengezi with prompt, adequate, and fair notice of the bases, conclusions, and reasons relied upon to designate him, violates his right to due process under the Fifth Amendment to the U.S. Constitution.

## COUNT VIII

### DEFENDANTS' DEPRIVATION OF BASENGEZI'S PARENTAL RIGHTS BY DESIGNATING HIM VIOLATES HIS FIFTH AMENDMENT RIGHT TO DUE PROCESS

57.     Basengezi re-alleges and incorporates by reference as it fully set forth herein the allegations in all preceding paragraphs.

58.     Under the Fifth Amendment to the U.S. Constitution, Basengezi's due process protections are invoked when Defendants' actions threaten his parental rights and custody of his children.

59.     Defendants have failed to provide Basengezi with sufficient notice as to the basis for his designation in violation of Basengezi's due process rights under the Fifth Amendment to the U.S. Constitution.

60.     Defendants also have denied Basengezi a hearing in violation of Basengezi's due process rights under the Fifth Amendment to the U.S. Constitution.

## RELIEF REQUESTED

WHEREFORE, Basengezi respectfully requests that this Court:

A.     Review all material that Defendants relied upon—including classified and law enforcement privileged information—in designating Basengezi;

B.     Declare Defendants' reliance on irrelevant, immaterial, non-reliable, non-probative, or non-substantial evidence to designate Basengezi unlawful under the APA, and jointly or severally set aside that evidence;

C.     Order Defendants to disclose the administrative record or any unclassified portions of such record so as to apprise Basengezi of the reasons for his designation;

D.     Order Defendants to produce an unclassified summary of classified or otherwise privileged information contained in the administrative record, which—together with the unclassified version of the administrative record—fully apprises Basengezi of all of the reasons for his designation;

E.      Order Defendants to provide alternative means by which Basengezi can be given sufficient notice of the reasons for his designation in the event that OFAC is unable to disclose all of the reasons for the designation through the redacted version of the administrative record and an unclassified summary;

F.      Order Defendants to explain why any redactions from the administrative record—including for classified, classified by compilation, and otherwise privileged information—lawfully fall within the scope of those categories;

G.      Declare unlawful and set aside any agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and jointly or severally set aside those actions, findings, and/or conclusions;

H.      Declare unlawful and set aside any agency action, findings, and conclusions found to be in excess of statutory jurisdiction, authority, or limitations, or short of statutory right, and jointly or severally set aside those actions, findings, and/or conclusions;

I.      Declare Basengezi's designation unlawful;

J.      Order Defendants to rescind Basengezi's designation and remove his name from OFAC's SDN List;

K.      Vacate Basengezi's designation;

L.      Grant an award to Basengezi for his costs and attorneys' fees incurred in this action; and

M.      Award Basengezi any other further relief as the Court may deem just and proper.

Dated: November 12, 2019

Respectfully submitted,

/s/ Erich C. Ferrari, Esq.
Erich C. Ferrari, Esq.
Ferrari & Associates, P.C.
1455 Pennsylvania Ave., NW
Suite 400
Washington, D.C. 20004
Telephone: (202) 280-6370
Fax: (877) 448-4885
Email: ferrari@falawpc.com
D.C. Bar No. 978253

Attorney for Plaintiff
*Marcellin Mukolo Basengezi*

# EXHIBIT 2

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CORNEILLE YOBELUO NANGAA** ) | |
| 34 Tshatshi Avenue ) | |
| Kinshasa / Gombe ) | |
| Democratic Republic ) | |
| of the Congo ) | |
| ) | |
| *Plaintiff,* ) | **COMPLAINT FOR** |
| ) | **DECLARATORY AND** |
| *v.* ) | **INJUNCTIVE RELIEF** |
| ) | |
| **ANDREA M. GACKI** ) | CIV. NO._____ |
| **in her official capacity as** ) | |
| **Director of the United States** ) | **ECF** |
| **Department of the Treasury** ) | |
| **Office of Foreign Assets Control** ) | |
| 1500 Pennsylvania Avenue, NW ) | |
| Freedman's Bank Building ) | |
| Washington, D.C. 20220 ) | |
| ) | |
| *Defendant,* ) | |
| ) | |
| and ) | |
| ) | |
| **THE UNITED STATES DEPARTMENT** ) | |
| **OF THE TREASURY, OFFICE OF FOREIGN** ) | |
| **ASSETS CONTROL** ) | |
| 1500 Pennsylvania Avenue, NW ) | |
| Freedman's Bank Building ) | |
| Washington, D.C. 20220 ) | |
| ) | |
| *Defendant.* ) | |
| ) | |

Plaintiff Corneille Yobeluo Nangaa ("Nangaa") brings this Complaint for Declaratory

and Injunctive Relief against Defendants the United States Department of the Treasury's Office

of Foreign Assets Control ("OFAC") and its Director, Andrea M. Gacki, and in support of this

Complaint alleges the following:

## NATURE OF THE CASE

1.      This lawsuit seeks the Court's intervention to enjoin Defendants from effecting an international boycott against Corneille Yobeluo Nangaa without providing him any notice as to the reasons for his designation or giving him a meaningful opportunity to contest his designation.

2.      On March 21, 2019, OFAC designated Nangaa pursuant to Executive Order ("E.O.") 13413, as amended by E.O. 13671, and added Nangaa's name to its Specially Designated Nationals and Blocked Persons List ("SDN List"). By virtue of this designation, all of Nangaa's property and interests in property within the United States or within the possession or control of a U.S. persons are blocked, and foreign persons who engage in transactions or dealings with him are subject to potential sanctions.

3.      OFAC's actions followed the announcement of the preliminary results of the historic 2018 DRC general elections administered by the National Independent Electoral Commission ("CENI")— a government body tasked with organizing and administering elections in the DRC. These elections were heralded by the international community—including the United States government—as the first peaceful and democratic transfer of power in the DRC in decades. Indeed, the U.S. Department of State welcomed the electoral victory of opposition candidate Felix Tshishikedi as President of the DRC.

4.      Nangaa was the President of the CENI at the time of his designation by OFAC, as well as during the time of the organization and administration of the elections.

5.      While the State Department was welcoming the election results, Defendants greeted the DRC's historic and democratic transfer of power—which only took place as the result of the CENI's fair administration of the national elections—by sanctioning those responsible for ensuring its occurrence, including Nangaa.

6.      Moreover, Defendants sanctioned Nangaa—as evidenced by OFAC's March 21, 2018 press release announcing the designation action—without providing him notice of the legal criterion under which he was designated nor any other notice as to the reasons for his designation. Instead, Defendants sent a press release to the general public, which included unfounded conclusory allegations of corruption involving Nangaa and other CENI officials with no clear relevance to the criteria for designation under E.O. 13413, as amended.

7.      This press release constitutes the sole form of "notice" provided to Nangaa thus far. This is despite Nangaa's continued efforts to understand the reasons for his designation, including by requesting OFAC disclose the administrative record or any portions thereof or by providing Nangaa with alternative means by which he can understand the basis for OFAC's action against him.

8.      Because Defendants have failed to provide Nangaa with any notice as to the reasons for his designation, Nangaa has been unable to utilize the administrative reconsideration procedures otherwise available to him to challenge his unwarranted designation by OFAC.

9.      For these reasons, Nangaa turns to this Court to compel or instruct Defendants to rescind Nangaa's designation and/or provide clear notice to Nangaa as to the reasons for his designation so that he may have a meaningful opportunity to contest it.

## JURISDICTION AND VENUE

10.      This action arises under the United States Constitution, the International Emergency Economic Powers Act, 50 U.S.C. § 1701 *et seq*., and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

11.     This Court may grant declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and Fed. R. Civ. P. 57. This Court may grant injunctive relief in accordance with Fed. R. Civ. P. 65.

12.     Venue is proper in the District of Columbia as this is the district in which the events giving rise to the complaint occurred and in which Defendants reside. *See* 28 U.S.C. §§ 1391(b) and (e).

## THE PARTIES

13.     Plaintiff Corneille Yobeluo Nangaa is and was at all times relevant herein a citizen of the Democratic Republic of the Congo. He is currently residing at 34 Tshatshi Avenue, Kinshasa/Gombe, DRC.

14.     Nangaa is the President of the CENI—the DRC's electoral commission charged with ensuring free and fair elections. In this role, Nangaa helped facilitate successful national democratic elections and the first democratic transition of power in the DRC.

15.     Nangaa is designated under E.O. 13413, as amended, and his name is included on OFAC's Specially Designated Nationals and Blocked Persons List ("SDN List").

16.     Defendant OFAC is a federal administrative agency of the United States Department of the Treasury, 1500 Pennsylvania Ave., NW, Freedman's Bank Building, Washington D.C. 20220. OFAC is responsible for administering U.S. economic sanctions programs, including by designating persons pursuant to authorities contained in E.O. 13413, as amended, and regulating dealings with them under those authorities via 31 C.F.R. Parts 501 and 547, the "Reporting, Procedures, and Penalties Regulations," and the "Democratic Republic of the Congo Sanctions Regulations," respectively. OFAC is responsible for designating Nangaa under E.O. 13413, as amended.

17.     Defendant Andrea M. Gacki is the Director of OFAC. Ms. Gacki is sued in her official capacity.

## FACTUAL ALLEGATIONS

**A.      OFAC's March 21, 2019 Designation of Nangaa**

18.     On March 21, 2019, OFAC designated Nangaa under E.O. 13413, as amended, for allegedly engaging in actions or policies that undermine democratic processes or institutions in the DRC. Press Release, U.S. Dep't of Treasury, Office of Foreign Assets Control, Treasury Sanctions Congolese Officials Responsible for Undermining DRC Elections (March 21, 2019). As a result of this designation, Nangaa's name was added to OFAC's SDN List.

19.     Simultaneous with its designation, Defendants issued a press release announcing the designation. This press release alleged that OFAC's action followed "persistent corruption by senior officials within the DRC's National Independent Electoral Commission ("CENI") and the former Kabila Government to obstruct and delay preparations for credible and inclusive elections." Press Release, U.S. Dep't of Treasury, Office of Foreign Assets Control, Treasury Sanctions Congolese Officials Responsible for Undermining DRC Elections (March 21, 2019). This press release, however, did not specify the designation criterion of E.O. 13413, as amended, under which Defendants sanctioned Nangaa nor whether the allegations contained therein relate to the basis for Nangaa's designation. *Id*.

20.     The legal consequence of Nangaa's designation is that all of his property and interests in property within U.S. jurisdiction are blocked, and U.S. persons are prohibited from engaging in transactions or dealing with him. Moreover, U.S. and foreign persons that provide material assistance to Nangaa—including through provision of financial services or any other

goods or services—are subject to designation under E.O. 13413, as amended, and could thus themselves be subject to blocking sanctions. *See* E.O. 13413, § 1(a)(ii)(F) (Oct. 27, 2006).

**B.      Nangaa's Request for the Administrative Record**

21.      Unable to clearly ascertain the reasons for his designation, on May 2, 2019 Nangaa requested the administrative record underlying his designation or any unclassified portions of that record, as well as an unclassified summary of any classified or otherwise privileged information contained in it. Nangaa also requested OFAC make available alternative mechanisms by which OFAC may apprise him of, or from which Nangaa could otherwise understand, the reasons for his designation.

22.      Over five months have passed since Nangaa first made this request. OFAC has not yet disclosed an unclassified version of the administrative record or any portion thereof and has not provided any alternative mechanisms by which Nangaa can gain an understanding of the reasons for his designation.

23.      Absent disclosure of the administrative record or other notice, Nangaa remains unaware as to the reasons for OFAC's action or how the information contained in the press release relates to the legal criterion of his designation. For this reason, Nangaa has yet to file a delisting petition with OFAC challenging his designation.

**C.      OFAC's Publication of Federal Register Notice**

24.      On June 27, 2019—in response to Nangaa's June 23, 2017 notice to OFAC that it had failed to publicly provide notice of Nangaa's designation in the Federal Register—OFAC identified in the Federal Register the legal criterion under which it designated Nangaa. Specifically, OFAC designated Nangaa under E.O. 13413, § 1(a)(ii)(C) "…for being responsible

for or complicit in, or having engaged in, directly or indirectly, actions or policies that undermine democratic processes or institutions in the [DRC]." *See* 84 FED. REG. 30804.

### D. Harm to Nangaa

25. Defendants' unlawful action has been personally, professionally, and financially ruinous to Nangaa. Specifically, Nangaa has been made the subject of an international boycott, as persons all over the world—including in the DRC—are subject to potential designation by Defendants for engaging in any transactions or dealings with him.

26. The immediate legal consequence of Nangaa's designation is that all property and interests in property located within U.S. jurisdiction in which he has an interest are blocked, and U.S. persons are generally prohibited from engaging in any transactions or dealings with him. In addition, foreign persons, including foreign financial institutions, are exposed to potential designation under E.O. 13413, as amended, for engaging in any transactions with Nangaa.

27. Due to the extraterritorial effects of U.S. sanctions, foreign parties have been reluctant to engage in transactions or dealings with Nangaa out of fear of retribution by Defendants. Furthermore, Nangaa faces grave financial hardship, as businesses and financial institutions continue to distance themselves from him in order to mitigate their own sanctions risk. For example, on or about April 10, 2019, Nangaa's account at Rawbank—a commercial bank in the DRC—has blocked a legitimate transfer of 475,434,397 Congolese Francs ("CFR"), citing OFAC-administered sanctions as the reason for the blocking. Exhibit A-Nangaa Rawbank Blocking Letter.

28. Defendants fully acknowledge the devastating costs imposed on designated persons, such as Nangaa. Defendants have openly lauded the fact that sanctions impose "professional, personal, and financial isolation" on designated persons. Press Release, U.S. Dep't

of Treasury, Office of Foreign Assets Control, U.S. Government Sanctions Organizations and Individuals in Connection with an Iranian Defense Entity Linked to Iran's Previous Nuclear Weapons Effort (March 22, 2019). Indeed, Defendants regard their sanctions as "force multipliers," so that, for instance, "international financial institutions frequently implement [U.S.] sanctions voluntarily, even when they are under no legal obligation to do so," by blacklisting designated persons from accessing their services. Examining Treasury's Role in Combating Terrorist Financing Five Years After 9/11, Hearing Before the Comm. on Banking, Housing and Urban Affairs, 109th Cong., S. Hrg. 109-1073 (statement of Adam J. Szubin).

## LEGAL CLAIMS

### COUNT I

### DEFENDANTS' DESIGNATION OF NANGAA UNDER E.O. 13413 CONSTITUTES ARBITRARY AND CAPRICIOUS AGENCY ACTION UNDER THE APA

29.     Nangaa re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

30.     Agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law shall be held unlawful by a reviewing court and set aside. 5 U.S.C. § 706(2)(A).

31.     Defendants' designation of Nangaa under E.O. 13413 is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law in violation of the APA, as Nangaa does not meet the criteria for designation under E.O. 13413 and OFAC has made no findings or conclusions to support its decision.

## COUNT II

### DEFENDANTS' FAILURE TO PROVIDE NOTICE AS TO THE REASONS FOR NANGAA'S DESIGNATION UNDER E.O. 13413 VIOLATES HIS FIFTH AMENDMENT RIGHT TO DUE PROCESS

32.     Nangaa re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

33.     Under the Fifth Amendment to the U.S. Constitution, Nangaa has a right to adequate post-deprivation notice. Sufficient notice requires Defendants to provide Nangaa with the reasons for his designation so as to permit him a meaningful opportunity to respond.

34.     Under the Fifth Amendment to the U.S. Constitution, Nangaa has a right to a hearing. Any constitutionally adequate hearing must provide Nangaa with the opportunity to be heard in a meaningful manner.

35.     By failing to release the administrative record, any portions thereof, or any other form of notice designed to apprise Nangaa as to the reasons for his designation, Defendants have denied him a meaningful opportunity to challenge his designation. These actions have prevented Nangaa from making effective use of OFAC's administrative reconsideration procedures. Therefore, Defendants have acted in violation of Nangaa's due process rights under the Fifth Amendment to the U.S. Constitution.

## COUNT III

### DEFENDANTS' FAILURE TO PROVIDE NOTICE AS TO THE REASONS FOR NANGAA'S DESIGNATION UNDER E.O. 13413 VIOLATES THE ADMINISTRATIVE PROCEDURE ACT

36.     Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

37. Agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law or without observance of procedure required by law shall be held unlawful by a reviewing court and set aside. 5 U.S.C. § 706(2)(A) and (D).

38. The APA entitles interested parties to appear before an agency with respect to any "issue, request, or controversy in a proceeding . . . or in connection with an agency function." 5 U.S.C. § 555(b). Agencies are required to issue a decision with respect to these requests within a reasonable time. *Id*.

39. OFAC promulgates procedures by which parties subject to its sanctions can petition for reconsideration of their designation and delisting from the SDN List. 31 C.F.R. § 501.807. Pursuant to OFAC's delisting procedures, a designated person "may submit arguments or evidence that the person believes establishes that insufficient basis exists for the designation" or "propose remedial steps on the person's part . . . which the person believes would negate the basis for designation." 31 C.F.R. § 501.807(a). Designated persons may also argue that there has been a change in circumstances rendering inapplicable the reasons for the original designation. 31 C.F.R. § 501.807.

40. By failing to release the administrative record, any portions thereof, or any other form of notice reasonably designed to apprise Nangaa as to the basis for his designation, Defendants have denied Nangaa a meaningful opportunity to challenge his designation. In sum, Defendants have failed to provide Nangaa with sufficient notice as to the basis for his designation and have thus prevented him from making effective use the APA's and OFAC's administrative reconsideration procedures. Defendants have therefore acted in violation of the

APA by engaging in agency action that is arbitrary, capricious, an abuse of discretion, or that is not in accordance with law or in observance of procedure required by law.

## COUNT VI

### DEFENDANTS' FAILURE TO PROVIDE THE UNCLASSIFIED PORTIONS OF THE ADMINISTRATIVE RECORD OR ANY OTHER NOTICE CONSTITUTES UNREASONABLE DELAY IN VIOLATION OF THE APA

41.     Nangaa re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

42.     The APA empowers courts to compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1).

43.     Defendants have failed to provide Nangaa with the unclassified portions of the administrative record or any other notice reasonably designed to apprise him of the reasons for his designation under E.O. 13413, as amended.

44.     Defendants are required under the APA and the Fifth Amendment to the U.S. Constitution to provide sufficient notice to a designee as to the reasons for their designation, including, the unclassified portions of the administrative record.

45.     Defendants' failure to act on Nangaa's request and provide the record or any other notice constitutes unreasonable delay in violation of the APA.

### RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

A.     Issue an order vacating Nangaa's designation under E.O. 13413;

B.     Order Defendants to rescind Nangaa's designation under E.O. 13413;

C.    Order Defendants to disclose the administrative record or any unclassified portions of such record so as to apprise Nangaa as to the reasons for his designation under E.O. 13413

D.    Order Defendants to produce an unclassified summary of classified or otherwise privileged information contained in the administrative record, which—together with the unclassified version of the administrative record—fully apprises Nangaa as to all of the reasons for his designation under E.O. 13413;

E.    Order Defendants to provide alternative means by which Nangaa can be given sufficient notice as to the reasons for his designation under E.O. 13413 in the event that OFAC is unable to disclose all of the reasons for the designation through the redacted version of the administrative record and an unclassified summary;

F.    Grant an award to Plaintiff for his costs and attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 *et seq*., and any other applicable provision of law; and

G.    Any other and further relief as the Court may deem proper.


Dated:  November 12, 2019


                                        Respectfully submitted,

                                        /s/ Erich C. Ferrari, Esq.
                                        Erich C. Ferrari, Esq.
                                        Ferrari & Associates, P.C.
                                        1455 Pennsylvania Ave., NW
                                        Suite 400
                                        Washington, D.C. 20004

Telephone: (202) 280-6370
Fax: (877) 448-4885
Email: ferrari@falawpc.com
D.C. Bar No. 978253

*Attorney for Plaintiff*
*Corneille Yobeluo Nangaa*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NORBERT BASENGEZI KATINTIMA,<br><br>        Plaintiff,<br><br>        v.<br><br>ANDREA M. GACKI, in her official capacity as Director of the United States Office of Foreign Assets Control, and THE UNITED STATES DEPARTMENT OF TREASURY, OFFICE OF FOREIGN ASSETS CONTROL,<br><br>        Defendants. | Civil Action No. 19-cv-03412 (CRC) |

## [Proposed] ORDER

Upon consideration of Defendants' Motion for Consolidation and For a Stay Pending Consideration of the Instant motion, the Court hereby GRANTS the motion in part, for good cause shown. It is hereby

ORDERED that Defendants' deadline by which to answer or otherwise respond to the Complaint in the above-captioned matter is STAYED, pending the Court's adjudication of Defendants' request that the Court consolidate with this matter *Marcellin Mukolo Basengezi v. Gacki, et al.* 1:19-cv-3414 (APM) and *Corneille Yobeluo Nangaa v. Gacki et al.*, Civ. No. 1:19-cv-3415 (DLF).

Date: _____

_____
UNITED STATES DISTRICT JUDGE

1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

NORBERT BASENGEZI KATINTIMA,

        Plaintiff,

      v.

ANDREA M. GACKI, in her official capacity
as Director of the United States Office of
Foreign Assets Control, and THE UNITED
STATES DEPARTMENT OF TREASURY,
OFFICE OF FOREIGN ASSETS CONTROL,

        Defendants.

Civil Action No. 19-cv-03412 (CRC)

## **[Proposed] ORDER**

Upon consideration of Defendants' Motion for Consolidation and For a Stay Pending Consideration of the Instant motion, the Court hereby GRANTS the motion for good cause shown. It is hereby

ORDERED that pursuant to Federal Rule of Civil Procedure 42(a), both *Marcellin Mukolo Basengezi v. Gacki, et al.* 1:19-cv-3414 (APM) and *Corneille Yobeluo Nangaa v. Gacki et al.*, Civ. No. 1:19-cv-3415 (DLF) are transferred to the undersigned judge and consolidated for purposes of further proceedings; and it further

ORDERED that the parties shall confer and jointly file either an agreed proposal, or competing proposals if agreement is not reached, for a schedule for further proceedings in the consolidated matters on or before _____.

IT IS SO ORDERED.

Date: _____

_____
UNITED STATES DISTRICT JUDGE

1