IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARCELLIN MUKOLO BASENGEZI,<br><br>Plaintiff,<br><br>v.<br><br>ANDREA M. GACKI, in her official capacity as Director of the United States Office of Foreign Assets Control, and THE UNITED STATES DEPARTMENT OF TREASURY, OFFICE OF FOREIGN ASSETS CONTROL,<br><br>Defendants. | Civil Action No. 19-cv-03414 (APM) |

**REPLY IN SUPPORT OF MOTION TO STAY PENDING CONSOLIDATION**

Defendants moved to stay Defendants' January 24, 2020 deadline to answer or otherwise respond to Plaintiffs' complaint pending a decision on the consolidation of this action with two substantially similar actions, *Norbert Basengezi Katintima v. Gacki et al.*, Civ. No. 1:19-cv-3412 (CRC) and *Cornielle Yobeluo Nangaa v. Gacki, et al.* 1:19-cv-3415 (DLF). Plaintiff opposes that stay, alleging that he may experience prejudice if his litigation does not proceed while consolidation is under consideration.

But there is no reason to doubt that Defendants' consolidation motion will be timely adjudicated. The issue is fully briefed in *Katintima* (Defendants have filed their response today, two days before local rules require, and attach that filing hereto as Exhibit 1), and Judge Cooper granted a stay in that action, signaling that a decision on consolidation before litigation proceeds any further is appropriate. *See Katintima*, January 2, 2020 Minute Order. Indeed, in the three similar cases that these three plaintiffs brought against the Department of State—where Defendants separately moved for consolidation—all three courts have granted Defendants' request to stay pending a decision on

consolidation. *See Norbert Basengezi Katintima v. Pompeo et al.*, Civ. No. 1:19-cv-3413 (Jan. 7, 2020 Minute Order); *Marcellin Mukolo Basengezi v. Pompeo, et al.* 1:19-cv-3417 (Jan. 13, 2020 Minute Order); *Cornielle Yobeluo Nangaa v. Pompeo et al.*, Civ. No. 1:19-cv-3416 (Jan. 2, 2020 Minute Order). These consistent holdings make sense—requiring separate responses before separate courts is redundant and inefficient, as it would entail Defendants preparing, and this Court reviewing, filings that may ultimately prove unnecessary in light of consolidation.

Plaintiff also disputes the method and rationale behind Defendants' motion for consolidation. He apparently takes issue with Defendants' citation to Local Rule 45(d). But Defendants already explained that they filed only one consolidation motion in the earliest-numbered case because it served the rationale underlying consolidation both generally and Rule 45(d) specifically by avoiding unnecessary duplicative proceedings. If this Court disagrees with that approach, Defendants will file a similar consolidation motion on this docket, but none of the other courts in these actions has requested that Defendants do so before granting a stay. And though Plaintiff disputes that consolidation is warranted, Defendants' *Katintima* filings demonstrate that consolidation serves the interests of judicial economy, eliminates the risk of inconsistent judgments, and does not unduly prejudice any party.

Dated January 15, 2020                                Respectfully submitted,

                                                    JOSEPH H. HUNT
Assistant Attorney General

DIANE KELLEHER
Assistant Branch Director

*/s/ Antonia Konkoly*
ANTONIA KONKOLY
NICHOLAS CARTIER
KEVIN SNELL
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch

2

1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-2395
Fax: (202) 616-8460
Email:  antonia.konkoly@usdoj.gov