# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NORBERT BASENGEZI KATINTIMA,<br><br>Plaintiff,<br><br>v.<br><br>ANDREA M. GACKI, in her official capacity as Director of the United States Office of Foreign Assets Control, and THE UNITED STATES DEPARTMENT OF TREASURY, OFFICE OF FOREIGN ASSETS CONTROL,<br><br>Defendants. | Civil Action No. 19-cv-03412 (CRC) |

**REPLY IN SUPPORT OF MOTION TO TRANSFER CASES FOR CONSOLIDATION**

Defendants moved to consolidate this action with two other lawsuits presenting substantially overlapping factual and legal issues. *See Marcellin Mukolo Basengezi v. Gacki, et al.* 1:19-cv-3414 (APM), and *Corneille Yobeluo Nangaa v. Gacki et al.*, Civ. No. 1:19-cv-3415 (DLF). Pending a decision on that request, the Court stayed Defendants' deadline to respond to the complaint, and Plaintiff now opposes consolidation by trying to distinguish the claims among the three cases and arguing that consolidation is premature and risks prejudice. Plaintiff is mistaken.

Trying to distinguish the claims, Plaintiff points out that different factual circumstances may underlie each challenged designation, and that the separate administrative records could impact allegations of inadequate notice. But "the existence of a common question by itself is enough to permit consolidation," Wright & Miller, 9A Fed. Prac. & Proc. § 2382 (3d ed. 1998), and the three actions should be consolidated notwithstanding that the respective administrative record may differ. Plaintiff understates the ways in which the cases are demonstrably related, as noted below.

1

First, each plaintiff asserts that they did not receive adequate notice in violation of the Fifth Amendment, Katintima Compl. ¶ 32 (Count I), Nangaa Compl. ¶ 35 (Count II), Basengezi Compl. ¶ 56 (Count VII), and such a claim entails a threshold legal inquiry into whether such protections even apply, as "[t]he Supreme Court has long held that non-resident aliens who have insufficient contacts with the United States are not entitled to Fifth Amendment protections," *Jifry v. FAA*, 370 F.3d 1174, 1182 (D.C. Cir. 2004).

Second, Plaintiffs' allegations require that the Court determine the level of notice called for by the Administrative Procedure Act ("APA"), Katintima Compl. ¶ 37 (Count II), Nangaa Compl. ¶ 40 (Count III), Basengezi Compl. ¶ 48 (Count V), and the legal parameters of claims alleging APA violations for purportedly untimely productions of unclassified portions of the administrative record, Katintima Compl. ¶¶ 22, 40, 42 (Count III), Nangaa Compl. ¶¶ 21, 45 (Count VI), Basengezi Compl. ¶ ¶ 22, 43 (Count IV). Further, with respect to Plaintiffs' arbitrary and capricious challenges, Defendants expect that there will be significant overlap in the exhibits that will comprise the three administrative records; additionally, the Court will need to familiarize itself with OFAC's sanction program pursuant to Executive Order 13413, as amended, in order to review and asses each Plaintiff's respective claim. *See* Katintima Compl. ¶ 45 (Count IV), Nangaa Compl. ¶ 31 (Count I), Basengezi Compl. ¶¶ 6, 31-32 (Count I).

Overall, these similarities belie Plaintiff's concern that all sanctions-related cases are ripe for consolidation under Defendants' view, as does the fact all three plaintiffs were designated on the same day, March 21, 2019 under Executive Order 13413, and those designations were announced in the same press release. *See also* Press Release, U.S. Dep't of Treasury, Treasury Sanctions Congolese Officials Responsible for Undermining DRC Elections (March 21, 2019) (announcing designations

of the three plaintiffs).[1]  Any factual distinctions between the three cases do not render consolidation inappropriate, and consolidation would manifestly be in the interest of judicial economy and avoid the possibility of inconsistent judicial resolution.

Plaintiff is also wrong in arguing that consolidation is premature.  As an initial matter, this Court's local rules refute Plaintiffs' suggestion that the administrative records should have already been disclosed. *See* LCvR 7(n)(1) (requiring certified list of contents of administrative record "within 30 days following service of the answer to the complaint or simultaneously with the filing of a dispositive motion, whichever occurs first").  And three separate responses before three separate judges in this district—as Plaintiff apparently envisions—would be redundant and inefficient, whereas consolidation now affords the parties an opportunity to establish an efficient schedule whereby the claims across the three different actions can be adjudicated in a single proceeding. [2]

Besides that, Plaintiff speculates that he or the other two plaintiffs may be prejudiced because the procedural posture of the cases may differ after review of the administrative records, as some may proceed with a dispositive motion while others elect to amend their complaint.  But even if such a hypothetical discrepancy became reality, each plaintiff is represented by the same counsel of record and Plaintiffs have the ability to amend their complaint in a timely manner.  Moreover, Plaintiffs chose to bring suit now, rather than awaiting the production of their administrative records, which agency practice provides for, even before a suit is filed.  Indeed, even if some unforeseen circumstance prevented the resolution of all three actions in a single dispositive motion schedule, the parties could still work together to facilitate an efficient schedule that would lead to the resolution of all claims.  *See Mylan Pharmaceuticals Inc. v.*

---

[1] https://home.treasury.gov/news/press-releases/sm633 (last visited January 14, 2020).

[2] Defendants also note that they do not ordinarily seek to consolidate sanctions lawsuits, even where there is programmatic or legal overlap.  *See, e.g., Bazzi v. U.S. Dep't of the Treasury*, 19-cv-484 (D.D.C.) and *Bazzi v. Gacki*, 19-cv-1940 (D.D.C.).  Here, however, relatedness is manifestly present in the three actions discussed above, and consolidation will conserve the resources of both the Court and the parties.

*Henney*, 94 F. Supp. 2d 36, 43 (D.D.C. 2000), *vacated on other grounds*, 276 F.3d 627 (D.C. Cir. 2002) (consolidation "does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another") (citation omitted).  Consolidation would not unduly prejudice any party, and Defendants' motion should be granted.

Dated January 15, 2020                  Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

DIANE KELLEHER
Assistant Branch Director

*/s/ Antonia Konkoly*
ANTONIA KONKOLY
NICHOLAS CARTIER
KEVIN SNELL
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-2395
Fax: (202) 616-8460
Email:  antonia.konkoly@usdoj.gov